961 F.2d 964
 295 U.S.App.D.C. 210
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Maurice PRIMROSE, Appellant.
 No. 91-3064.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant urges two grounds for reversal of his convictions for possession with intent to distribute cocaine base and distribution of cocaine base: prosecutorial impropriety and insufficiency of the evidence.
 
 
 5
 Reversal is warranted for prosecutorial misconduct only where the record supports the charge and the conduct creates "substantial prejudice." United States v. Perholtz, 842 F.2d 343, 361 (D.C.Cir.), cert. denied, 488 U.S. 821 (1988). Where a defendant fails to object to a prosecutor's statements at trial, reversal on appeal depends on a demonstration of "plain error," i.e., appellant must show that the improper remarks undermined the "fundamental fairness of the trial and contributed to a miscarriage of justice." United States v. Young, 470 U.S. 1, 16 (1985). See United States v. Whoie, 925 F.2d 1481 (D.C.Cir.1991).
 
 
 6
 The cross-examination challenged by appellant does not qualify as "plain error." See United States v. Sensi, 879 F.2d 888 (D.C.Cir.1989) (reversal not warranted where prosecutor referred in his closing argument to "witnesses that you never saw in this trial, that [defendant] never produced in his trial"); United States v. Young, 463 F.2d 934, 939 (D.C.Cir.1972) (prosecutor's questions during cross-examination concerning absent witnesses, such as "Is he here now?", "Did you make any efforts to get him here?" and "By the way, sir, that proprietor is not here at this trial, is he?", were not so prejudicial as to warrant reversal).
 
 
 7
 Furthermore, the government presented evidence sufficient to show Primrose's knowing possession with intent to distribute, and distribution of the drugs in the napkin he discarded. See United States v. Monaghan, 741 F.2d 1434, 1443 (D.C.Cir.1984), cert. denied, 470 U.S. 1085 (1985) (jury's verdict clearly supported by the testimony and evidence adduced at trial). Primrose's convictions are supported by direct as well as circumstantial evidence, including eyewitness testimony concerning his physical possession of the napkin and distribution of the drugs, his possession of a relatively large amount of cash, see United States v. Gibbs, 904 F.2d 52, 57 (D.C.Cir.1990), his presence in an area of high narcotic trafficking, see id., his possession of a quantity of drugs inconsistent with personal use, see United States v. Dunn, 846 F.2d 761, 764 (D.C.Cir.1988), and expert testimony on the modus operandi of drug trafficking, see United States v. Byfield, 928 F.2d 1163, 1167 (D.C.Cir.1991). The inconsistencies noted by appellant do not call for reversal of his convictions. This is not a case where "there is no evidence upon which a jury may fairly conclude guilt beyond a reasonable doubt." United States v. Davis, 562 F.2d 681, 683 (D.C.Cir.1977).